UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TINA L. HARMON, | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| VS. | )   CAUSE NO. 3:18-CV-482 RLM-MGG |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     DEFENDANT | ) |

OPINION and ORDER

Tina Harmon seeks judicial review of a final decision denying her application for disability insurance benefits and supplemental security income under Title II of the Social Security Act, 42 U.S.C. §§ 423 and 1382 *et seq*. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g). For the following reasons, the court vacates the hearing scheduled to address this matter, vacates the Commissioner's decision, and remands this case for further proceedings.

Ms. Harmon argues remand is required because the ALJ's hypothetical question didn't adequately account Ms. Harmon's concentration, persistence, and pace limitations.[1] "In this circuit, 'both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations

---

[1] In her brief, Ms. Harmon also challenged the ALJ's consideration of the social limitations assessed by the state agency consultants and ALJ's credibility determination. Because the ALJ's hypothetical question was flawed and requires remand, the court declines to address the other issues Ms. Harmon raises.

supported by the medical record,' " including "deficiencies of concentration, persistence, or pace." Varga v. Colvin, 794 F.3d 809, 813 (7th Cir. 2015) (quoting Yurt v. Colvin, 758 F.3d 850, 857 (7th Cir. 2014)).

The ALJ found that Ms. Harmon had moderate limitations in concentration, persistence, and pace. The only non-physical limitations the ALJ included in her hypothetical question to the vocational expert were that [Ms. Harmon] "can understand, remember and carry out simple, routine tasks. [Ms. Harmon] can use judgment limited to simple work-related decisions [and she] can frequently interact with supervisors and with co-workers, but can occasionally interact with the public." [Doc. No. 13 at 24].

The court of appeals has "rejected the notion that a hypothetical like the one here 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" Yurt v. Colvin, 758 F.3d at 814 (quoting Yurt v. Colvin 758 F.3d at 858–859). *See also* Winsted v. Berryhill, 915 F.3d 466, 471 (7th Cir. 2019) ("[a]gain and again, we have said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations"). Because the hypothetical posed to the VE didn't properly incorporate Ms. Harmon's moderate limitations in concentration, persistence, and pace, remand is required. *See* Varga v. Colvin, 794 F.3d at 813.

Accordingly, the court VACATES the April 16, 2019, hearing on Ms. Harmon's petition to review Commissioner's decision, VACATES the Commissioner's decision, and REMANDS this case for further proceeding consistent with this opinion.

SO ORDERED.

ENTERED:   April 15, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court