UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TINA L. HARMON,                              )
                                             )
                    PLAINTIFF                )
                                             )
           VS.                               )        CAUSE NO. 3:18-CV-482 RLM-MGG
                                             )
ANDREW SAUL,[1] COMMISSIONER OF              )
SOCIAL SECURITY,                             )
                                             )
                    DEFENDANT                )


<u>OPINION and ORDER</u>

Tina Harmon moves for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Ms. Harmon requests an award of fees in the amount of $3,015.50. The Commissioner doesn't object to her request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Ms. Harmon requests fees for her attorney at the rate of

---

[1] Andrew Saul was automatically substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d) when he became the Commissioner of Social Security.

$185 per hour for work performed on her case and asserts that an hourly fee greater than $125.00 for counsel is warranted based a rise in the cost of living.

In accordance with the Act, Ms. Harmon submitted an itemized statement from her attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that the hourly rates for work performed in 2018 and 2019 are based on the cost of living adjustments allowed by statute when employing the Consumer Price Index-All Items Index obtained from the Bureau of Labor Statistics.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also* Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). As noted, the Commissioner doesn't object to the hourly rates charged or the amount of fees requested by Ms. Harmon.

Based on the foregoing, the court GRANTS the motion for an award of fees and costs under the Equal Access to Justice Act [Doc. No. 37] and ORDERS as follows:

The plaintiff is awarded $3,015.50 in attorney fees under the EAJA, 28 U.S.C. § 2412. This award will satisfy all of Ms. Harmon's claims for attorney

fees under the EAJA.

Any fees paid belong to Ms. Harmon and can be offset to satisfy any pre-existing debt that she owes the United States. *See* Astrue v. Ratliff, 560 U.S. 586 (2010). After the court enters this award, if counsel for the Commissioner can verify that Ms. Harmon owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Ms. Harmon's attorney.

SO ORDERED.

ENTERED: _____ July 25, 2019 _____

_____ /s/ Robert L. Miller, Jr. _____
Judge, United States District Court